UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Dean Hayek,                                                    Civ. File. No. 05-1424 (PAM/JSM)

                   Petitioner,

v.                                                   **MEMORANDUM AND ORDER**

Warden J.F. Caraway,

                   Respondent.

---

This matter is before the Court on Respondent's objections to United States Magistrate Judge Janie S. Mayeron's Report and Recommendation ("R&R") dated November 21, 2005. The R&R recommended that this Court grant Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, and order Respondent to reconsider when Petitioner should be assigned to a community confinement center.

After Respondent objected to the R&R on two grounds, the Court conducted a de novo review. See 28 U.S.C. § 636(b)(1); Local Rule 72.2. Based on that review and the submissions of the parties, the Court adopts the R&R.

**BACKGROUND**

On May 19, 2004, the United States District Court for the District of North Dakota sentenced Petitioner to twenty-four months imprisonment for bank fraud. Petitioner is currently serving that sentence in the Federal Prison Camp in Duluth, Minnesota. Petitioner will be released from prison on March 7, 2006, if he earns all available good time credits. See 18 U.S.C. § 3624(b). However, he will be eligible for a transfer to a community confinement

center sooner than March 7, 2006. At issue is when Petitioner will be eligible for a transfer to a community confinement center.

Relying on 28 C.F.R. §§ 570.20 -.21 ("February 2005 Rules"), Respondent asserts that Petitioner is ineligible for a community confinement center assignment until he has only ten percent of his prison term left to serve. Petitioner challenges the bright-line rule set forth in the February 2005 Rules, and argues that the Bureau of Prisons ("BOP") must make an individualized determination of whether he should be released to a community confinement center before he reaches the last ten percent of his term. In the R&R, Magistrate Judge Mayeron agreed with Petitioner and found the February 2005 Rules invalid.

**DISCUSSION**

Respondent raises two objections to the R&R, both of which relate to the promulgation of the February 2005 Rules.

**A.    History of the February 2005 Rules**

Two statutes grant the BOP the power to assign prisoners to prison facilities, including community confinement centers: 18 U.S.C. §§ 3621(b) and 3624(c). Section 3621(b) requires the BOP to designate the place of a prisoner's imprisonment by considering several factors:

>   (1)    the resources of the facility contemplated;
>   (2)    the nature and circumstances of the offense;
>   (3)    the history and characteristics of the prisoner;
>   (4)    any statement by the court that imposed the sentence ---
>          (A)   concerning the purpose for which the sentence to imprisonment was determined to be warranted; or

>   (B) recommending a type of penal or correctional facility as appropriate; and
> (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

18 U.S.C. § 3621(b). The statute also prohibits the BOP from giving favoritism to prisoners of high social or economic status. Id. Finally, it provides that the BOP "may at any time . . . direct the transfer of a prisoner from one penal or correctional facility to another." Id.

Section 3624(c) describes the BOP's duty to prepare prisoners for community re-entry. It provides, in relevant part:

> The Bureau of Prisons shall, to the extent practicable, assure that a prisoner serving a term of imprisonment spends a reasonable part, not to exceed six months, of the last 10 per centum of the term to be served under conditions that will afford the prisoner a reasonable opportunity to adjust to and prepare for the prisoner's re-entry into the community. The authority provided by this subsection may be used to place a prisoner in home confinement.

18 U.S.C. § 3624(c).

Before December 2002, the BOP relied on these statutes to place prisoners in community confinement centers for the last six months of their sentence, regardless of whether that period exceeded ten percent of their sentences. In December 2002, the Office of Legal Counsel of the Department of Justice issued a memorandum, which found this practice illegal. It interpreted Sections 3621(b) and 3624(c) as divesting the BOP of discretion to place prisoners in community confinement centers before the lesser of six months or ten percent of their sentences.[1] Based on the memorandum, the BOP instituted a

---

[1] In particular, the Office of Legal Counsel interpreted the term "imprisonment" to exclude placement in a community confinement center. The Office therefore concluded that the

3

policy that prisoners could be released to community confinement centers only for the last ten percent of their sentences, not to exceed six months.

In Elwood v. Jeter, 386 F.3d 842 (8th Cir. 2004), the Eighth Circuit Court of Appeals invalidated the December 2002 policy, holding that the BOP has discretion to transfer prisoners to community confinement centers at any time during their incarceration. The Eighth Circuit explained that Section 3624(c) merely imposes the affirmative duty of the BOP to assure that prisoners spend the last part of their sentences under pre-release conditions, and that neither Section 3621(b) nor Section 3624(c) limits the BOP's discretion to place a prisoner in a community confinement center at any time during the prisoner's sentence. Id. at 845-47; see also Goldings v. Winn, 383 F.3d 17, 23-27 (1st Cir. 2004).

In August 2004, the BOP promulgated new rules relating to the placement of prisoners in community confinement centers. It did so under notice and comment rule-making procedures. See 69 Fed. Reg. 51,213 (Aug. 18, 2004). In the proposed rules, the BOP expressly acknowledged that it has discretion to place prisoners in community confinement centers at any time. Id. The BOP also explained that it chose to exercise its discretion by establishing a categorical rule that no prisoner will be placed in a community confinement center before the last ten percent of his or her sentence, not to exceed six months.[2] Id.

---

authority granted to the BOP under Section 3621(b) did not include the authority to place a prisoner in a community confinement center. Rather, the only statute giving the BOP authority to designate a prisoner to a community confinement center was Section 3624(c).

[2] The regulation provides an exception to the categorical rule only when BOP programs allow greater periods of community confinement under separate statutory authority, such as a residential substance abuse treatment program or a shock incarceration program. 28 C.F.R.

4

The BOP also stated that it considered all the factors identified in Section 3621(b) when exercising its discretion. Id. at 51,214. However, the proposed rules expressly refer to only two of the factors: the resources of the facility contemplated and any relevant policy statements issued by the Sentencing Commission. Id. The proposed rules do not explain how the BOP considered the nature and circumstances of an offense, the history and characteristics of a prisoner, or any statements by a sentencing court. The final rules were codified as 28 C.F.R. §§ 570.20-.21 on February 14, 2005.

The practical effect of the February 2005 Rules is identical to the December 2002 policy, as both limit the BOP's discretion to designate prisoners to community confinement centers to the lesser of six months or the last ten percent of their sentences. To date, no circuit court has ruled on the validity of the February 2005 Rules, and there is a split among the district courts that have considered the issue. Cf. Moss v. Apker, 376 F. Supp. 2d 416 (S.D.N.Y. 2005) (upholding the February 2005 Rules); Yip v. Fed. Bureau of Prisons, 363 F. Supp. 2d 548 (E.D.N.Y. 2005) (same), with United States v. Paige, 369 F. Supp. 2d 1257 (D. Mont. 2005) (invalidating the February 2005 Rules); Pimentel v. Gonzales, 367 F. Supp. 2d 365 (E.D.N.Y. 2005) (same).

**B.      Respondent's Objections**

Magistrate Judge Mayeron concluded that the February 2005 Rules are invalid. Respondent objects to the Magistrate Judge's findings on two grounds.

---

§ 570.21(b).

1.     Consideration of Section 3621(b) Factors

Respondent objects to the Magistrate Judge's finding that the BOP did not consider the factors identified in Section 3621(b) when developing the February 2005 Rules. Indeed, the proposed rules substantively discuss two of the statutory factors and expressly state that the BOP considered all five factors under § 3621(b). See 69 Fed. Reg. at 51,214.

Nevertheless, the Court finds that the BOP did not and could not consider the remaining criteria required under Section 3621(b) when promulgating the February 2005 Rules. These criteria expressly require consideration of a prisoner's individual circumstances: the nature of the circumstances of the offense, the history and characteristics of the prisoner, and any relevant statements by the sentencing court. These factors cannot be applied categorically. Accordingly, the Court agrees with the Magistrate Judge's conclusion that the BOP disregarded these statutorily required factors when promulgating the February 2005 Rules.[3]

Respondent notes that the February 2005 Rules do not prevent the BOP from conducting individualized determinations to establish if and when a prisoner will be transferred to a community confinement center within the last ten percent of his or her sentence. Notably,

---

[3] The courts that uphold the validity of the February 2005 Rules rely on Lopez v. Davis, 531 U.S. 230 (2001), which held that the BOP has broad discretion under 18 U.S.C. § 3621(e) to develop a categorical rule of reducing the sentences of certain prisoners who successfully complete substance abuse treatment. Magistrate Judge Mayeron properly distinguished Lopez from the case at hand, as Section 3621(e) does not supply factors that control the BOP's discretion. In contrast, Section 3621(b) clearly requires the BOP to consider five factors when designating a prisoner's place of confinement. See Lesnick v. Menifee, No. 05-4719, 2005 WL 2542908, at *9-10 (S.D.N.Y. Oct. 11, 2005) (finding Lopez inapposite because the regulation in Lopez "filled a statutory gap left by Congress" whereas the February 2005 Rules "contravenes existing statutory guidelines").

however, Respondent does not go one step further and assert that the BOP will indeed consider the factors nor does the regulation require the BOP to consider them. Section 3621(b) requires more than having the ability to consider the factors; it expressly requires that the BOP in fact consider them. Moreover, applying the Section 3621(b) factors to only those prisoners in the last ten percent of their sentences is arbitrary. See Baker v. Willingham, No. 3:04CV1923, 2005 WL 2276040, at *5 (D. Conn. Sept. 19, 2005).

    2.    Deference to the BOP

Respondent also objects to the Magistrate Judge's failure to undertake an analysis under Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc., 467 U.S. 837 (1984). According to Respondent, Chevron requires that the Court provide the BOP substantial deference since the BOP adopted the February 2005 Rules through the notice and comment process.

When reviewing an agency's interpretation of a federal statute, the Court uses a two-step analysis. The threshold question is whether "Congress has directly spoken to the precise question at issue" so that congressional intent is clear. Chevron, 467 U.S. at 842. An agency is entitled to no deference if Congress has unequivocally expressed its intent in the statute. Food & Drug Admin. v. Brown & Williamson Tobacco Corp., 529 U.S. 120, 125-26 (2000); Chevron, 467 U.S. at 842-43. Only "if the statute is silent or ambiguous with respect to the specific issue," will the Court address "whether the agency's answer is based on a permissible construction of the statute." Chevron, 467 U.S. at 843. The Court must give the agency

substantial deference and must uphold the agency's construction of the statute unless the construction is "arbitrary, capricious, or manifestly contrary to the statute." Id. at 844.

In Elwood, the Eighth Circuit recognized that Congress expressed an intent regarding the process by which the BOP should designate prisoners to community confinement centers. 386 F.3d at 845 ("Congress addressed the issue, so we need not look to the agency's interpretation of the statute."). It held that Congress provided the BOP discretion to transfer prisoners to community confinement centers at any time during their incarceration. Id. at 846-47. Now, this Court finds that Section 3621(b) clearly requires the BOP to consider all five factors when making the individualized determination of a prisoner's place of imprisonment — whether that be in prison or in a community confinement center. See Lesnick v. Menifee, No. 05-4719, 2005 WL 2542908, at *4 (S.D.N.Y. Oct. 11, 2005) (finding congressional intent clear and therefore providing no deference to the BOP's interpretation of Section 3621(b)). Because the February 2005 Rules disregard Congress's clear mandate that the BOP consider all five factors of Section 3621(b), the BOP's interpretation of the statute is entitled to no deference.

Moreover, even if Section 3621(b) is ambiguous, the Court finds that the BOP's interpretation of the statute is arbitrary. Although the statute provides the BOP with broad discretion, that discretion must comport with the language of the statute. As the Baker court explained:

> The BOP's interpretation of the statute must give effect to all portions of the statute; by ignoring other factors, the BOP arbitrarily and unreasonably

>
> distinguishes between prisoners who are in the last ten percent of their sentence and those who are not and between [community confinement centers] and other federal correctional institutions.

2005 WL 2276040, at *5-6.

Section 3621(b) provides specific factors relevant to individualized determinations. The BOP cannot relinquish its responsibility to consider those factors through a categorical rule.  Because the BOP failed to include all of the statutorily required factors when it promulgated the February 2005 Rules, its exercise of discretion was arbitrary and capricious.

**CONCLUSION**

Neither Section 3621(b) nor Section 3624(c) precludes the BOP from assigning prisoners to community confinement centers at any time.  Elwood, 386 F.3d at 846-47.  The BOP must consider the five factors enumerated in Section 3621(b) when designating where a prisoner will be confined.  The February 2005 Rules, which categorically exclude all prisoners from being assigned to community confinement centers until they reach the last ten percent of their sentences, contravene the clear congressional intent.  Even if the statute is ambiguous, however, the BOP's interpretation is arbitrary.  Consequently, the February 2005 Rules violate Section 3621(b).

After a de novo review, the Court finds that the Magistrate Judge correctly found the February 2005 Rules invalid and therefore **ADOPTS** the R&R (Clerk Doc. No. 10). Accordingly, **IT IS HEREBY ORDERED THAT**:

1.      Petitioner's Application for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241

(Clerk Doc. No. 1) is **GRANTED**; and

2. Respondent is directed to reconsider the date when Petitioner should be assigned to a community confinement center in light of the criteria set forth in 18 U.S.C. § 3621(b) and without regard to 28 C.F.R. §§ 570.20 and 570.21.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: December 7, 2005    s/ Paul A. Magnuson
                           Paul A. Magnuson
                           United States District Court Judge